W. H. MERONEY v. LOUISVILLE AND NASHVILLE RAILROAD COMPANY.

(Filed 27 May, 1914.)

1. Railroads — Backing  Trains — Warning — Negligence  Per  Se —
   Trials.

It is negligence *per se* for the employees on a railroad freight train to back its train upon or cross a street crossing its track in a thickly populated portion of the town, without some one on the front box car to give notice of its approach and to signal the threatened danger to pedestrians, and it is actionable when injury is thereby proximately caused.

2. Same — Contributory  Negligence—Issues—Harmless  Error—Appeal and Error.

The plaintiff, with the knowledge of defendant railroad company's employees, had for some time been engaged at the defendant's depot in directing his team driver in removing freight which had arrived over defendant's road. At this place a public street crossed the railroad's main and side tracks, on the latter of which two empty and detached box cars had stood for quite a while. Plaintiff was momentarily standing in the street upon this side-track, giving directions to his driver, when, without notice or warning, defendant's employees attempted to attach these box cars to the engine, and the cars, being without brakes on, ran down upon the plaintiff, to his injury. The evidence held sufficient upon the issue of defendant's negligence, and the submission of the issue of contributory negligence to the jury was not error of which defendant could complain.

APPEAL by defendant from *Carter, J.,* at January Term, 1914, of CHEROKEE.

*M. W. Bell and Dillard & Hill for plaintiff.*

*Witherspoon & Witherspoon, D. W. Blair, and E. B. Norvell for defendant.*

CLARK, C. J. This is an action for personal injuries caused by the negligence of the defendant. The plaintiff was unloading a car of fertilizers on the side-track in Murphy. The street crossed the main line and the side-track of the defendant. On the day of the injury a large number of teams were using the street and crossing both tracks, of which the engineer and conductor of defendant's train had knowledge. The plaintiff in looking after the delivery of fertilizers to his customers, passed along the street. When he got to the main line, he stopped a moment on the track, but in the street, to speak to one of the wagoners. Near by were two box cars of the defendant which had been standing on the main line all day, with the end of the box car nearest to the plaintiff just on the edge of the street. At that instant the defendant's engineer, without any notice or warning, backed his train against the box cars, whose breaks were not applied, with the result that the box cars were driven into the street, striking the plaintiff, who was caught between the car and the wagon, shoving him and the wagon up a steep bank several feet, whereby the plaintiff was seriously injured.

The two box cars did not have the brakes applied, though the street was crowded that day, and the defendant's agents knew that the plaintiff and other persons were on its yard unloading the fertilizers. The defendant was negligent in moving its train backwards, striking the box cars and driving them across the public street without giving notice.

This has been held in so many cases that it is supererogation to repeat it. Among the cases directly in point are *Purnell v. R. R.*, 122 N. C., 832, where the engine was pushing backwards a train of box cars. This Court said: "As we understand the matter, there must be both a man and a light at night and a man and a flag in the day. . . . This man called a flagman is in control of this backing train. The train is moved and stopped at his discretion. This is done in the daytime by the use of a flag, and at night by the use of the light. By these means he informs the man in control of the engine when and how to move the train." Among many cases to the

same purport are *Pharr v. R. R.,* 119 N. C., 756; *Bradley v. R. R.,* 126 N. C., 741; *Jeffries v. R. R.,* 129 N. C., 236; *Lassiter v. R. R.,* 133 N. C., 244.·

This case showed greater negligence on the part of the defendant than *Edge· v. R. R.,* 153 N. C., 213. In that case an employee of defendant was injured while crawling across the track underneath the coupling of two box cars. Just before going into this place of danger he had seen an engine standing near the car with steam up and the engineer looking towards him. The Court held that it was a question for the jury whether defendant could have avoided injuring the plaintiff by the use of ordinary care. In *Hudson v. R. R.,* 142 N. C., 198, it was held culpable negligence where the defendant cut loose a car on a spur track on a down-grade, whereby it crashed into five other cars with sufficient force to drive them, as in this case, causing the death of the plaintiff. In *Beck v. R. R.,* 146 N. C., 458, it was held that the Court had over and over again declared that to run an engine suddenly backward without warning, or signal, or any one on the rear of the train to give notice, was culpable negligence.

· The court, therefore, properly refused to nonsuit the plaintiff. Indeed, the defendant's counsel said that the case depended entirely upon the contributory negligence. We do not find any errors in the refusal to give the prayers in that aspect. It was not negligence in the plaintiff to step upon the track of the defendant where he was injured. He was going about his business; was in a public street; had stopped for only a brief period to speak to a wagoner who was engaged in unloading the car of fertilizers. The conductor and engineer knew that he was there, and the injury was caused by the sudden backing of the engine against the two box cars without warning or notice, whereby said cars were driven backwards, causing injury to the plaintiff.

· The learned counsel for the defendant strenuously insists that the plaintiff was guilty of contributory negligence because he did not "stop, look, and listen." But this was not an occasion to call for the application of that maxim. He was not

struck by a passing train, nor was it negligence in him to stop for a moment or two to speak to the wagoner. He had no cause to think that the cars would be driven backward by the shifting engine without signal or notice. Indeed, we see no evidence of contributory negligence; but that issue was submitted to the jury and found against the defendant.

No error.